# EXHIBIT B

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

0778111

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

FEB 18 2021 a 11:18
RCVD SDSD CIVIL - SD

F I L E D
Clerk of the Superior Court

OCT 11 2019

By: M. Acevedo, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF CHULA VISTA, [Continued on Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DIANA C. WATTS and ODIN H. WATTS, a minor by and through his
Guardian Ad Litem, DIANA C. WATTS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| Superior Court of California, County of San Diego<br>330 West Broadway, San Diego, California 92101 | 37-2019-00054127-CU-PO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher J. Olsen, 3075 E. Thousand Oaks Blvd., Ste 100, Westlake Village, Ca 91362 Tel (805)557-0660

| DATE: 0 4 NOV 2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | M. Acevedo | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Board Assistant

in person

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| WATTS, ET AL., V. CITY OF CHULA VISTA, ET AL. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

ROXANA KENNEDY, COUNTY OF SAN DIEGO, BOARD OF TRUSTEES OF UNIVERSITY OF CALIFORNIA, SAN DIEGO, DOES 1 to 200,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



FEB 18 2021 AM 11:18
RCVD SDSD CIVIL - SD

1   CHRISTOPHER J. OLSEN, SBN: 109124
    3075 East Thousand Oaks Boulevard
2   Suite 100
    Westlake Village, California 91362
3   Tel: (805)557-0660  Fax: (805)491-8324

CENTRAL DIVISION
2019 OCT 11 PM 2:04
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

4   Attorney for Plaintiffs
    DIANA C. WATTS and ODIN H. WATTS, a minor, by and through his Guardian Ad Litem,
5   DIANA C. WATTS

6

7               **SUPERIOR COURT OF CALIFORNIA**

8                  **COUNTY OF SAN DIEGO**

9

10   DIANA C. WATTS and ODIN H. WATTS, a    )   Case No.: **37-2019-00054127-CU-PO-CTL**
    minor, by and through his Guardian Ad Litem,  )
11   DIANA C. WATTS,                  )   **COMPLAINT FOR DAMAGES**

12                              )   1.  Unreasonable Use of Deadly Force (42
                             )       U.S.C. § 1983);
13                  Plaintiffs,    )   2.  Deprivation of Life Without Due Process
                             )       (42 U.S.C. § 1983);
14         vs.                     )   3.  Interference with Parent-Child
                             )       Relationship (42 U.S.C. § 1983);
15                              )   4.  Disability Discrimination in Violation of
                             )       ADA (42 U.S.C. § 12101 et seq.);
16   CITY OF CHULA VISTA, ROXANA        )   5.  Disability Discrimination in Violation of
    KENNEDY, COUNTY OF SAN DIEGO,     )       Section 504 of the Rehabilitation Act of
17   BOARD OF TRUSTEES OF UNIVERSITY OF )      1973 (29 U.S.C. § 794 et seq.);
    CALIFORNIA, SAN DIEGO, DOES 1 to 200,  )   6.  Wrongful Death (Cal. Civ. Proc. Code §
18                              )       377.60);
19                Defendants.    )   7.  Violation of California Civil Code §§ 51,
                             )       51.7, 52, 52.1 and 54.1;
20                                )   8.  Battery;
                             )   9.  Negligence;
21                              )   10. Wrongful Death (Cal. Civ. Proc. Code §
                             )       377.60);
22                              )   11. Negligence
23                              )   **DEMAND FOR JURY TRIAL**
                             )
24

25        DIANA C. WATTS and ODIN H. WATTS, a minor by and through his Guardian ad Litem,

26   DIANA C. WATTS, upon information and belief, allege the following:

27                       **INTRODUCTION**

28      1.   This case challenges the unjustified killing of Jason Alan Watts ("Mr. Watts"), the

1

**COMPLAINT FOR DAMAGES**

1    husband of Plaintiff DIANA C. WATTS and the father of Plaintiff ODIN H. WATTS, a minor by

2    Defendant officers of the Chula Vista Police Department ("CVPD"). Mr. Watts suffered from

3    significant mental illness, including without limitation ADHD.  At the time of the subject incident,

4    Mr. Watts was unarmed and experiencing an episode of severe psychological distress.  Prior to

5    engaging in the conduct that ultimately led to Mr. Watts' death, Mr. Watts clearly exhibited to said

6    Defendant officers of the CVPD conduct consistent with severe psychological distress and/or a

7    psychotic break; therefore, said Defendant officers were on notice that Mr. Watts was then

8    suffering from a mental illness, condition, disability, and/or breakdown, and was then experiencing

9    a severe psychotic break and/or other severe psychological distress and was substantially disabled

10   by reason thereof.  Plaintiffs allege that said Defendant officers went to the 7-11 store located at or

11   about 403 Third Avenue, Chula Vista, California, after having been called both by 7-11 staff and by

12   Mr. Watts himself, and that Mr. Watts expressed in his 911 call to CVPD, and to said Defendant

13   officers at said 7-11 store, that he was extremely fearful that persons waiting outside the 7-11 store

14   intended to kill him, that he had taken refuge inside said 7-11 store, and persisted in his stated, but

15   factually inaccurate, belief that said persons were still waiting outside the 7-11 store to kill him

16   despite the presence of said Defendant officers.  During this encounter, and in a heightened state of

17   fear and mental disability, decedent became even more fearful and ran behind the counter of the 7-

18   11 store as a consequence thereof, in order to protect himself from said perceived killers waiting for

19   him outside.  Although Mr. Watts was unarmed and was clearly in a state of profound fear and

20   mental disability, said Defendant officers failed to stabilize the situation and failed to summon

21   officers and/or other professionals trained and experienced in de-escalating situations involving

22   persons suffering from mental illnesses, conditions, disabilities, and/or breakdowns, or to otherwise

23   calm Mr. Watts and obtain his cooperation by non-traumatic means. Instead, despite that Mr. Watts

24   was not a danger to himself or others, said Defendant officers needlessly escalated the situation by

25   proceeding to use pepper spray, tasers, and other violent and harmful techniques and methodologies

26   to violently attack Mr. Watts in order to compel his cooperation, which such violent conduct,

27   techniques, and methodologies ultimately resulted in Mr. Watts' death several hours later. After so

28   attacking him, the aforesaid Defendant officers of the CVPD thereupon took Mr. Watts into

2

**COMPLAINT FOR DAMAGES**

1   custody.  The use of force, including deadly force, against Mr. Watts was unnecessary,

2   unconstitutional and violated clearly established law that would have been known to any reasonable

3   police officer.

4                               **JURISDICTION AND VENUE**

5         2.   This case arises under 42 U.S.C. § 1983, The Americans with Disabilities Act, Section

6   504 of the Rehabilitation Act and California law. This Court has subject matter jurisdiction over

7   this action pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over Plaintiffs'

8   supplemental state law claims pursuant to 28 U.S.C. § 1367.

9         3.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (e) in that

10  (1) unlawful actions challenged herein occurred in this Judicial District and (2) all Defendants

11  reside in this Judicial District.

12                                  **THE PARTIES**

13        4.   Plaintiffs Diana C. Watts and Odin H. Watts, a minor, bring this action individually

14  and as heirs and the sole successors-in-interest to Jason Alan Watts, husband of Plaintiff Diana C.

15  Watts and natural father of Odin H. Watts, a minor ("Mr. Watts").  Plaintiffs assert all survival

16  claims and rights under California law, which survive Mr. Watts' death pursuant to California Code

17  of Civil Procedure §§ 377.30 and 377.60, and any survival claims they may bring under 42 U.S.C.

18  § 1983, The Americans with Disabilities Act and Section 504 of the Rehabilitation Act in their

19  capacities as the successors-in-interest to Mr. Watts.

20        5.   At all relevant times, Mr. Watts was a resident of Chula Vista, County of San Diego,

21  State of California.  Plaintiffs are currently residents of Nevada.

22        6.   Plaintiffs are informed and believe and thereon allege that at all relevant times

23  Defendant

24        7.   Plaintiffs are informed and believe and thereon allege that at all relevant times

25  Defendant CITY OF CHULA VISTA was a duly chartered and established public municipal entity

26  organized under the laws of the State of California, and within the meaning of Title II of the ADA

27  and has received federal financial assistance within the meaning of Section 504 of the

28  Rehabilitation Act, and was located within in the County of San Diego, State of California.

3

**COMPLAINT FOR DAMAGES**

1    Plaintiffs are further informed and believe and thereon allege that at all relevant times Defendant

2    CITY OF CHULA VISTA owned, operated, and maintained the Chula Vista Police Department

3    ("CVPD") as the duly-constituted law enforcement agency in and for the CITY OF CHULA

4    VISTA, and that at all relevant time CVPD acted in all respects in accordance with and pursuant to

5    all applicable rules and policies promulgated by the CITY OF CHULA VISTA, and with the

6    express and/or implied authorization, consent, and ratification of Defendant CITY OF CHULA

7    VISTA.

8         8.    Plaintiffs are informed and believe and thereon allege that at all relevant times

9    Defendant COUNTY OF SAN DIEGO was a duly chartered and established public municipal

10   entity organized under the laws of the State of California, and within the meaning of Title II of the

11   ADA and has received federal financial assistance within the meaning of Section 504 of the

12   Rehabilitation Act.

13        9.    Plaintiffs are informed and believe and thereon allege that at all relevant times

14   Defendant BOARD OF TRUSTEES OF UNIVERSITY OF CALIFORNIA, SAN DIEGO was a

15   public entity organized under the laws of the State of California, and within the meaning of Title II

16   of the ADA and has received federal financial assistance within the meaning of Section 504 of the

17   Rehabilitation Act.

18        10.   Plaintiffs are informed and believe and thereon allege that at all relevant times,

19   Defendant ROXANA KENNEDY was the Chief of Police of CVPD and an agent and employee of

20   Defendant CITY OF CHULA VISTA.  In that capacity, she is charged by law with and was

21   responsible for the administration of the CVPD and the supervision, training and hiring of officers,

22   agents, and employees working within the CVPD, including said Defendant officers. Plaintiffs are

23   informed and believe and thereon allege that Chief KENNEDY is the chief executive officer of the

24   CVPD and the final departmental authority in all matters of policy, operations and discipline.

25   Plaintiffs are informed and believe and thereon allege that Chief KENNEDY also heads the

26   Administrative Division of CVPD, which is responsible for the department manual, training

27   bulletins, personnel and special orders. Chief KENNEDY is sued in her personal and individual

28   capacity as a supervisory official for her own culpable action or inaction in training, supervision, or

4

**COMPLAINT FOR DAMAGES**

1  control of her subordinates, and/or for her acquiescence in and/or ratification of the constitutional

2  deprivations which this Complaint alleges, and/or for conduct that showed a reckless or callous

3  indifference to the rights of others. Chief KENNEDY's affirmative conduct involves her failure to

4  implement or adequately enforce any policies, rules or directives specific to individuals with mental

5  disabilities including how to deal with such individuals when they are in a state of psychological

6  distress. Plaintiffs are informed and believe and thereon allege that said Defendant officers did not

7  receive sufficient, or any, training from CVPD on how to deal with individuals with mental

8  disabilities prior to their encounter with Mr. Watts.  Chief KENNEDY knew that her officers would

9  encounter disabled individuals such as Mr. Watts who might be in need of mental health treatment

10 or in the midst of a mental breakdown.  However, Plaintiffs are informed and believe and thereon

11 allege that instead of providing training in generally accepted police practices on encountering

12 mentally ill individuals in a manner designed to decrease the risk of using unnecessary force or

13 taking a life, CVPD Police Officers are trained to encounter those individuals in the same manner

14 as they would encounter an individual who is suspected of committing a crime.  Plaintiffs are

15 informed and believe and thereon allege that Chief KENNEDY is also responsible for the failure to

16 implement any written procedures on mental health intervention, including but not limited to:

17 contacting a mental health professional, family members, friends or other trained individual to

18 diffuse situations involving an emotionally disturbed person or individual with a mental disability.

19  Chief KENNEDY knew or should have known that without policies, procedures, rules or

20 directives on how to deal with individuals with mental disabilities, her officers would not have the

21 appropriate tools to deal with such individuals and prevent unnecessary risk of injury or the loss of

22 life. The lack of policies, rules, or directives set in motion a series of acts by said Defendant

23 officers, which Chief KENNEDY knew or reasonably should have known, would cause them to

24 inflict the injuries which are the subject of this action. In addition, the absence of policies regarding

25 the constitutional limits on the use of force by the CVPD with regard to individuals with mental

26 disabilities is another basis for which Defendant KENNEDY is directly responsible for Plaintiffs'

27 damages.

28      11.  Plaintiffs are informed and believe and thereon allege that at all relevant times

5

**COMPLAINT FOR DAMAGES**

1   Defendants DOES 1 through 50, inclusive, were duly authorized officers, supervisors, and/or

2   managers of the CVPD and agents and employees of the CITY OF CHULA VISTA, and were

3   either directly involved in escalating the encounter that resulted in the death of Mr. Watts, acted in

4   a training and/or supervisor capacity over said Defendant officers who violently attacked Mr.

5   Watts, and/or ratified the wrongful conduct of said Defendant officers. Plaintiffs are informed and

6   believe and thereon allege that at all relevant times said Defendants acted with the complete

7   authority and ratification of Defendant CITY OF CHULA VISTA and CVPD.

8        12.   The true names of Defendants DOES 1 through 100, inclusive, are unknown to

9   Plaintiffs at this time. Plaintiffs will seek leave to amend this complaint to show the true names and

10   capacities of these Defendants when they have been ascertained. Plaintiffs are informed and believe

11   and thereon allege that each of the fictitiously-named Defendants is responsible for some part of the

12   conduct, liabilities and damages alleged herein.

13        13.   Defendant CITY OF CHULA VISTA, Defendant COUNTY OF SAN DIEGO,

14   Defendant BOARD OF TRUSTEES OF UNIVERSITY OF CALIFORNIA, SAN DIEGO, and

15   Defendants DOES 1 through 50, inclusive, are "persons" subject to suit within the meaning of 42

16   U.S.C. § 1983 under *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978).

17   Under California Government Code § 815.2, Defendants are liable for any and all wrongful acts in

18   violation of state law hereinafter complained of and committed by any of the employees of

19   Defendants CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, and/or BOARD OF

20   TRUSTEES OF UNIVERSITY OF CALIFORNIA, SAN DIEGO, acting within the course and

21   scope of their employment.

22        14.   Plaintiffs are informed and believe and thereon allege that each Defendant is, and at all

23   times mentioned, was the agent, employee, representative, successor and/or assignee of each other

24   Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint,

25   was acting within the scope of his or her actual or apparent authority, or the alleged acts and

26   omissions of each Defendant agent subsequently were ratified and adopted by each other Defendant

27   as principal. Plaintiffs are informed and believe and thereon allege that each of the individual

28   Defendants were in some way responsible for the constitutional violations and torts alleged in this

6

**COMPLAINT FOR DAMAGES**

1  Complaint.

2      15.  Plaintiffs are informed and believe and thereon allege that all Defendants, at all times

3  relevant to the allegations herein, acted under the color of state law. Each non-government entity

4  Defendant is sued in his or her individual capacity only. Liability under California law for all

5  government employees is based upon, among other things, California Civil Code Sections 43, 51,

6  51.7, 52, 52.1, 54.1, 377.30, and 377.60; Government Code Section 815.2; and Penal Code

7  Sections 149, 240 and/or 242. Liability under federal law for all government entity employees is

8  based upon 42 U.S.C. § 1983. Liability for the BOARD OF TRUSTEES OF UNIVERSITY OF

9  CALIFORNIA, SAN DIEGO is based upon 42 U.S.C. § 1983, the Americans with Disabilities Act

10 (42 U.S.C. § 12101 *et seq.*) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794 et seq.).

11 Plaintiffs timely filed tort claims with CITY OF CHULA VISTA, COUNTY OF SAN DIEGO, and

12 UNIVERSITY OF CALIFORNIA, SAN DIEGO and have complied with the requirements of the

13 California Tort Claims Act.

14     16.  In committing the acts alleged in this Complaint, Defendants acted knowingly,

15 maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs and of

16 Mr. Watts, justifying an award of punitive damages under Federal and California law against each

17 individual defendant.

18                                    **FACTUAL ALLEGATIONS**

19     17.  On or about October 12, 2018, at approximately 11:30 PM, in Chula Vista, California,

20 Defendants DOES 1 through 10, inclusive, officers of the Chula ("CVPD") at a 7-11 store located

21 at or about 403 Third Avenue, Chula Vista, California, encountered the decedent, Jason Alan

22 Watts, who was then suffering from a severe mental illness, condition, disability, and/or

23 breakdown, was fearful that persons waiting outside said 7-11 store intended to kill him, and who

24 himself had called CVPD to help and protect him, in addition to having been called by 7-11 store

25 personnel.  During this encounter, and in a heightened state of fear and mental disability, Mr. Watts

26 became even more fearful and ran behind the counter of the 7-11 store as a consequence thereof in

27 an effort to escape or protect himself against what he, laboring under the effects of his mental

28 illness and disability, believed to be persons waiting outside said 7-11 store to kill him.  During

7

1  such encounter, Defendants DOES 1 through 10, inclusive, used pepper spray, tasers, and other

2  violent and harmful techniques and methodologies upon the decedent in order to compel Mr. Watts'

3  cooperation, rather than summoning officers and/or other professionals trained and experienced in

4  de-escalating situations involving persons suffering from mental illnesses, conditions, disabilities,

5  and/or breakdowns, or to otherwise obtain Mr. Watts' cooperation by less traumatic means.

6  Defendants DOES 1 through 10, inclusive, thereupon took the decedent into custody.

7       18.  Defendants DOES 1 through 10, inclusive, then called paramedics to the scene to

8  evaluate the decedent after he continued to exhibit the effects of the aforesaid mental illness,

9  condition, disability, and/or breakdown following his arrest, who ultimately transported the

10  decedent in the early hours of October 13, 2018, to Paradise Valley Hospital, where he was

11  evaluated and deemed suitable for incarceration.  Defendants DOES 1 through 10, inclusive, then

12  transported the decedent to the COUNTY OF SAN DIEGO Men's Central Detention Facility,

13  operated by Defendant COUNTY OF SAN DIEGO through its duly-authorized law enforcement

14  agency, the San Diego County Sheriff's Department.  While in the process of being booked into the

15  COUNTY OF SAN DIEGO Men's Central Detention Facility, Mr. Watts was determined to be in

16  need of further medical treatment, and was subsequently transported by ambulance to the

17  University of California at San Diego (UCSD) Medical Center.  Once at the UCSD Medical Center,

18  Mr. Watts suffered additional medical complications and was pronounced dead at or about 12:21

19  P.M. on October 13, 2018.

20       19.  Plaintiffs are informed and believe and thereon allege that prior to violently attacking

21  Mr. Watts as aforesaid, Defendants DOES 1 through 10, inclusive, were aware that that Mr. Watts

22  was quite obviously then suffering from a mental illness, condition, disability, and/or breakdown,

23  and was then experiencing a severe psychotic break and/or other severe psychological distress and

24  was substantially disabled by reason thereof, yet did not conduct the aforesaid encounter with Mr.

25  Watts any differently than a criminal suspect.  Mr. Watts was not in possession of any weapon at

26  any time during said encounter.  At all times, Defendants were unaware or deliberately did not

27  consider that they could seek any professional assistance and had no policies, procedures, or

28  training on contacting a mental health professional when dealing with an individual in

8

**COMPLAINT FOR DAMAGES**

1    psychological distress.

2        20.   Instead, Defendants needlessly escalated the situation by proceeding to use pepper

3    spray, tasers, and other violent and harmful techniques and methodologies to violently attack Mr.

4    Watts in order to compel his cooperation, which such violent conduct, techniques, and

5    methodologies only served to further escalate the severity of Mr. Watts' mental distress and

6    confusion, and ultimately resulted in his death several hours later.

7        21.   The lack by Defendants DOES 1 through 10, inclusive, of training, protocols,

8    procedures and policies regarding encountering individuals with mental disabilities or emotional

9    disturbance directly contributed to and impacted their failure to plan or create any less extreme

10   and/or de-escalating course of action prior to attacking Mr. Watts. This lack of training, policies

11   and procedures is directly attributable to Defendant KENNEDY who is the Chief of CVPD and is

12   ultimately responsible for the department manuals, training bulletins, personnel and special orders

13   of CVPD.

14       22.   At the time of the aforesaid attack, Mr. Watts was unarmed and suffering through an

15   episode of extreme psychological distress and mental illness. The use of what was ultimately

16   deadly force in this case was unreasonable and excessive given that Defendants DOES 1 through

17   10, inclusive, knew Mr. Watts was obviously suffering through an episode of extreme

18   psychological distress, mental illness, confusion, and delusion, as Mr. Watts had himself called

19   CVPD for help based on his fear that persons were waiting outside the 7-11 store to kill him, and

20   that the presence thereat of Defendants DOES 1 through 10, inclusive, as armed, uniformed police

21   officers did not itself persuade him that he was safe from the deadly harm he feared by reason of his

22   severe mental illness, condition, disability, breakdown, and other severe psychological distress, and

23   his substantially disability by reason thereof.  Defendants DOES 1 through 10, inclusive, failed to:

24   use proper procedures in responding to a situation involving a mentally or emotionally disturbed

25   person; seek any assistance, before or during the incident, from mental health officials or a crisis

26   intervention team, wait for back up, and; call or wait for the arrival of Mr. Watts' family, relatives

27   and/or friends who could have helped to defuse the situation. Instead, the officers unreasonably

28   escalated the level of tension and acted violently without cause, resorting to unnecessary and

9

**COMPLAINT FOR DAMAGES**

1   excessive force to subdue Mr. Watts and used ultimately deadly force, which was excessive and

2   unreasonable under the circumstances.

3        23.   Plaintiffs allege that the aforesaid officers and employees of Defendant CITY OF

4   CHULA VISTA and CVPD, including without limitation Defendants DOES 1 through 10,

5   inclusive, were negligently and inadequately trained, hired, retained and/or supervised regarding

6   the use of force and regarding proper procedures for responding to situations involving individuals

7   with mental disabilities or emotional disturbance, albeit the responsibility of Chief KENNEDY,

8   including:

9        A.   Failing to provide adequate training and supervision to officers with respect to

10       constitutional limits on the use of force;

11       B.   Failing to provide adequate discipline, training, and supervision to officers with a

12       propensity for violence or a history of violence and unconstitutional actions;

13       C.   Failing to provide adequate training and supervision to officers with respect to the

14       proper procedures to be followed in dealing and interacting with individuals with mental

15       disabilities or emotional disturbance in need of medical or psychological treatment.

16       24.   Before his death, Mr. Watts was a husband, a father, a son, and a sibling. His death has

17   been devastating to his family, including Plaintiffs, who are his next of kin.

18                                **FIRST CAUSE OF ACTION**

19                                **Unreasonable Use of Force**

20                                **(42 U.S.C. § 1983)**

21       **(By Plaintiffs in their capacities as successors-in-interest to Jason Alan Watts)**

22       **(Against Defendants ROXANA KENNEDY and DOES 1 through 50, inclusive)**

23       25.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1-24 of this

24   Complaint, and incorporate the same as if fully set forth herein.

25       26.   Defendants' use of force, including the use of what was ultimately deadly force, was

26   both excessive and unreasonable under the circumstances. Defendants' unjustified attack upon and

27   killing of Mr. Watts deprived him of his rights under the Fourth and Fourteenth Amendments.

28   Plaintiffs, as Mr. Watts' successors-in-interest, have the right and standing to assert Mr. Watts'

                                        10

                            **COMPLAINT FOR DAMAGES**

1   claim for this violation of his Fourth and Fourteenth Amendment rights.

2       27.   Defendants' unlawful use of force, including what was ultimately deadly force, caused

3   Mr. Watts extreme pain and suffering, and loss of his life, earning capacity and his relationship

4   with his wife, son, friends, and family. Defendants' actions also deprived Plaintiffs of the life-long

5   love, companionship, support, society, care, and sustenance of Mr. Watts, and they will continue to

6   be so deprived for the remainder of their lives.

7       28.   As a result of their conduct, Defendants are liable for Mr. Watts' injuries and death,

8   either because they were integral participants in the excessive force, or because they failed to

9   intervene to prevent these violations, or because they permitted a policy and practice of conscious

10   disregard of and reckless indifference to Constitutional rights.

11       29.   The claim against Defendants, notably Chief KENNEDY, and other unknown

12   employees of CITY OF CHULA VISTA and its law enforcement entity, CVPD, is based upon

13   Plaintiffs' allegations that CVPD's policies or customs were a cause of the injuries suffered by Mr.

14   Watts given that these policies failed to provide adequate training and supervision to officers with

15   respect to constitutional limits on the use of force; failed to provide adequate discipline, training,

16   and supervision to officers with a propensity for violence or a history of violence and

17   unconstitutional actions; and failed to provide adequate training and supervision to officers with

18   respect to the proper procedures to be followed in dealing with individuals with mental disabilities

19   or emotional disturbance in need of medical or psychological treatment.

20       30.   As a direct and legal result of Defendants' acts and omissions, Plaintiffs and decedent

21   suffered damages, including, without limitation, loss of enjoyment of life; pain and suffering;

22   emotional distress; funeral expenses; attorneys' fees; costs of suit; other pecuniary losses not yet

23   ascertained; and the loss of Mr. Watts' love, affection, society, and companionship.

24       31.   Plaintiffs are informed and believe and thereon allege that the acts of the individual

25   Defendants were willful, malicious, intentional, reckless and/or were done in willful and conscious

26   disregard of Mr. Watts' rights, justifying the awarding of punitive and exemplary damages in an

27   amount to be determined at the time of trial.

28       32.   Plaintiffs bring this claim as successors-in-interest to Mr. Watts, and seek both survival

11

**COMPLAINT FOR DAMAGES**

1  and wrongful death damages under Federal law for the violation of Mr. Watts' rights. Plaintiffs also

2  seek attorneys' fees under this claim.

3  **SECOND CLAIM FOR RELIEF**

4  **Deprivation of Life Without Due Process**

5  **(42 U.S.C. § 1983)**

6  **(By Plaintiffs in their capacities as successors-in-interest to Jason Alan Watts)**

7  **(Against Defendants ROXANA KENNEDY and DOES 1 through 50, inclusive)**

8      33.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 32 of this

9  Complaint, and incorporate the same as if fully set forth herein.

10     34.  Defendants acted within the course and scope of their duties as CVPD officers when

11  they intentionally attacked Mr. Watts, ultimately resulting in his death. Mr. Watts was unarmed and

12  alone. The officers' actions deprived Mr. Watts of his life without due process of law.

13     35.  Defendants' deprivation of Mr. Watts' life without due process of law caused him

14  extreme pain and suffering, and loss of life, earning capacity and his relationship with his wife, son,

15  friends, and family. Defendant's actions also deprived Plaintiffs of the life-long love,

16  companionship, support, society, care, and sustenance of Mr. Watts and they will continue to be so

17  deprived for the remainder of their lives.

18     36.  As a result of their conduct, Defendants are liable for Mr. Watts' injuries, either

19  because they were integral participants in the deprivation of life without due process, or because

20  they failed to intervene to prevent these violations, or because they permitted a policy and practice

21  of conscious disregard of and reckless indifference to Constitutional rights.

22     37.  The claim against Defendants, notably Chief KENNEDY, and other unknown

23  employees of CITY OF CHULA VISTA and its law enforcement entity, CVPD, is based upon

24  Plaintiffs' allegations that CVPD's policies or customs were a cause of the injuries suffered by Mr.

25  Watts given that these policies failed to provide adequate training and supervision to officers with

26  respect to constitutional limits on the use of force; failed to provide adequate discipline, training,

27  and supervision to officers with a propensity for violence or a history of violence and

28  unconstitutional actions; and failed to provide adequate training and supervision to officers with

12

1  respect to the proper procedures to be followed in dealing with individuals with mental disabilities

2  or emotional disturbance in need of medical or psychological treatment.

3      38.  As a direct and legal result of Defendants' acts and omissions, Plaintiffs have suffered

4  damages, including, without limitation, loss of enjoyment of life; pain and suffering; emotional

5  distress; attorneys' fees; costs of suit; other pecuniary losses not yet ascertained; and the loss of Mr.

6  Watts' love, affection, society, and companionship.

7      39.  Plaintiffs are informed and believe and thereon allege that the acts of the individual

8  Defendants were willful, malicious, intentional, reckless, and/or were done in willful and conscious

9  disregard of Mr. Watts' rights, justifying the awarding of punitive and exemplary damages in an

10  amount to be determined at the time of trial.

11      40.  Plaintiffs bring this claim as successors-in-interest to Mr. Watts, and seek both survival

12  and wrongful death damages under federal law for the violation of Mr. Watts' rights. Plaintiffs also

13  seek attorneys' fees under this claim.

14  **THIRD CLAIM FOR RELIEF**

15  **Interference with Parent-Child Relationship**

16  **(42 U.S.C. § 1983)**

17  **(By Plaintiffs in their individual capacities)**

18  **(Against Defendants ROXANA KENNEDY and DOES 1 through 50, inclusive)**

19      41.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 40 of this

20  Complaint, and incorporate the same as if fully set forth herein.

21      42.  By wrongfully and violently attacking Mr. Watts while he was unarmed, ultimately

22  resulting in his death, Defendants deprived Plaintiffs of their Fourteenth Amendment right of

23  familial relationship with Mr. Watts.

24      43.  Defendants' interference with the husband-wife and parent-child relationship caused

25  Mr. Watts extreme pain and suffering, and loss of his life, earning capacity and his relationship

26  with his wife, son, friends, and family. Defendants' actions also deprived Plaintiffs of the life-long

27  love, companionship, support, society, care, and sustenance of Mr. Watts, and they will continue to

28  be so deprived for the remainder of their lives.

13

**COMPLAINT FOR DAMAGES**

1     44. As a result of their conduct, Defendants are liable for Mr. Watts' injuries, either

2 because they were integral participants in the interference with the husband-wife and parent-child

3 relationship, or because they failed to intervene to prevent these violations.

4     45. The claim against Defendants, notably Chief KENNEDY, and other unknown

5 employees of CITY OF CHULA VISTA/CVPD is based upon Plaintiffs' allegations that CVPD's

6 policies or customs were a cause of the injuries suffered by Mr. Watts given that these policies

7 failed to provide adequate training and supervision to officers with respect to constitutional limits

8 on the use of force; failed to provide adequate discipline, training, and supervision to officers with a

9 propensity for violence or a history of violence and unconstitutional actions; and failed to provide

10 adequate training and supervision to officers with respect to the proper procedures to be followed in

11 dealing with individuals with mental disabilities or emotional disturbance in need of medical or

12 psychological treatment.

13     46. As a direct and legal result of Defendants' acts and omissions, Plaintiffs have suffered

14 damages, including, without limitation, loss of enjoyment of life; pain and suffering; emotional

15 distress; attorneys' fees; costs of suit; other pecuniary losses not yet ascertained; and the loss of Mr.

16 Watts' love, affection, society, and companionship.

17     47. Plaintiffs are informed and believe and thereon allege that the acts of the individual

18 Defendants were willful, malicious, intentional, reckless and/or were done in willful and conscious

19 disregard of Mr. Watts' rights, justifying the awarding of punitive and exemplary damages in an

20 amount to be determined at the time of trial.

21     48. Plaintiffs bring this claim in their individual capacity for wrongful death damages and

22 other remedies available to them under federal law.

23                       **FOURTH CLAIM FOR RELIEF**

24 **Discrimination on the Basis of Disability in Violation of The Americans with Disabilities Act**

25 **(42 U.S.C. § 12101 et seq.)**

26 **(By Plaintiffs in their capacity as successors in interest to Jason Alan Watts)**

27 **(Against Defendants CITY OF CHULA VISTA and DOES 1 through 50, inclusive)**

28     49. Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 48 of this

14

**COMPLAINT FOR DAMAGES**

1    Complaint, and incorporate the same as if fully set forth herein.

2         50.  At all relevant times to this action, Mr. Watts was a "qualified individual with a

3    disability" within the meaning and scope of 42 U.S.C. §12102 as a result of his mental and

4    emotional disability.  Accordingly, Mr. Watts was a member of the class of persons protected by 42

5    U.S.C. §12132, which makes it unlawful for a public entity to discriminate against an individual

6    with a disability or to deny the benefits of the services, programs, or activities of a public entity to a

7    person with a disability.

8         51.  At all times relevant to this action, Defendant CITY OF CHULA VISTA, and its duly-

9    constituted law enforcement agency, CVPD, has been a "public entity" within the meaning of Title

10   II of the ADA and provides a program, service or activity to the general public.

11        52.  In relevant part, Title II of the ADA mandates that Defendants comply with, *inter alia*,

12   the following:

13        A.   In providing any aid, benefit, or service, Defendants may not, inter alia, directly or

14             through contractual, licensing, or other, on the basis of disability:

15             i.   Deny a qualified individual with a disability the opportunity to participate in or

16                  benefit from the aid, benefit, or service; 28 C.F.R. § 35.130(b)(1)(i)

17             ii.  Afford a qualified individual with a disability an opportunity to participate in or

18                  benefit from the aid, benefit, or service that is not equal to that afforded others. 28

19                  C.F.R. § 35.130(b)(1)(ii).

20             iii. Provide a qualified individual with a disability with an aid, benefit, or service that

21                  is not as effective in affording equal opportunity to obtain the same result, to gain

22                  the same benefit, or to reach the same level of achievement as that provided to

23                  others; 28 C.F.R. § 35.130(b)(1)(iii).

24             iv.  Provide different or separate aids, benefits, or services to individuals with

25                  disabilities or to any class of individuals with disabilities than is provided to others

26                  unless such action is necessary to provide qualified individuals with disabilities

27                  with aids, benefits, or services that are as effective as those provided to others. 28

28                  C.F.R. § 35.130(b)(1)(iv).

15

**COMPLAINT FOR DAMAGES**

v.   Aid or perpetuate discrimination against a qualified individual with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the public entity's program. 28 C.F.R. § 35.130(b)(1)(v).

vi.   Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service. 28 C.F.R. § 35.130(b)(1)(vii).

B.   "[M]ake reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

C.   Operate each program, service, or activity "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150; see also 28 C.F.R. §§ 35.149 & 35.151.

53. The acts and omissions of Defendants, and each of them, as aforesaid, were in violation of 42 U.S.C. §12101 *et seq*. Defendants and their agents and employees violated the ADA by failing to provide reasonable accommodations to Mr. Watts during this incident on October 12 and October 13, 2018. Said statutes impose certain duties upon Defendants, and each of them, concerning discrimination against persons, such as Mr. Watts, on the basis of disability. Said statutes were intended to prevent the type of injury and damage set forth herein. Mr. Watts was a member of the class of persons intended to be protected by said statutes. Moreover, Defendants CITY OF CHULA VISTA, and its duly-constituted law enforcement agency, CVPD, and DOES 1 through 50, inclusive, and each of them, are not entitled to immunity from suit under the Eleventh Amendment for this cause of action by virtue of 42 U.S.C. §12202.

54. Defendants, and each of them, committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiffs' rights as they had prior knowledge of Mr. Watts' mental disability.

55. Plaintiffs have suffered damages, including, without limitation, loss of enjoyment of

**COMPLAINT FOR DAMAGES**

1    life; pain and suffering; emotional distress; attorneys' fees; costs of suit; other pecuniary losses not

2    yet ascertained; and the loss of Mr. Watts' love, affection, society, and companionship.

3        56.  Plaintiffs are therefore entitled to damages and reasonable attorneys' fees and costs

4    pursuant to 42 U.S.C. § 12133.

5                 **FIFTH CLAIM FOR RELIEF**

6           **Section 504 of the Rehabilitation Act**

7             **29 U.S.C. § 794 et seq.**

8    **(By Plaintiffs in their individual capacities as heirs of Jason Alan Watts)**

9    **(Against Defendants CITY OF CHULA VISTA and DOES 1 through 50, inclusive)**

10        57.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 56 of this

11   Complaint, and incorporate the same as if fully set forth herein.

12        58.  Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o

13   otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be

14   excluded from the participation in, be denied the benefits of, or be subjected to discrimination

15   under any program or activity receiving federal financial assistance . . . ." 29 U.S.C. § 794.

16        59.  Plaintiffs are otherwise qualified to participate in the services, programs, or activities

17   that are provided to individuals by Defendants, and each of them.  See 29 U.S.C. § 794(b).

18        60.  Plaintiffs are informed and believe and thereon allege that Defendants CITY OF

19   CHULA VISTA, and its duly-constituted law enforcement agency, CVPD, and DOES 1 through

20   50, inclusive, and each of them, are direct recipients of federal financial assistance sufficient to

21   invoke the coverage of Section 504, and have received such federal financial assistance at all times

22   relevant to the claims asserted in this Complaint.

23        61.  Defendants, and each of them, and their agents and employees, have violated the

24   Rehabilitation Act and the regulations promulgated thereunder by discriminating against and using

25   violence towards Mr. Watts because of his mental disability, and; denied him the benefits of public

26   services, programs and activities as a result of his mental disability by, among other things, their

27   failure to provide proper and reasonable training to CVPD officers regarding how to respond to

28   mentally or emotionally ill persons and by their failure to respond reasonably in dealing with a

17

**COMPLAINT FOR DAMAGES**

1    mentally ill person who was experiencing an episode of psychological distress.

2    62.  Defendants, and each of them, committed the acts and omissions alleged herein with

3    intent and/or reckless disregard of Plaintiffs' rights as they had prior knowledge of Mr. Watts'

4    mental disability.

5    63.  Plaintiffs have suffered damages, including, without limitation, loss of enjoyment of

6    life; pain and suffering; emotional distress; attorneys' fees; costs of suit; other pecuniary losses not

7    yet ascertained; and the loss of Mr. Watts' love, affection, society, and companionship.

8    64.  Pursuant to 29 U.S.C. § 794(a), Plaintiffs are entitled to declaratory and injunctive

9    relief, and damages and to recover from Defendants, and each of them, the reasonable attorneys'

10    fees and costs incurred in bringing this action.

11    **SIXTH CLAIM FOR RELIEF**

12    **Wrongful Death**

13    **(Cal. Civ. Proc. Code § 377.60)**

14    **(By Plaintiffs in their individual capacities as heirs of Jason Alan Watts)**

15    **(Against Defendants CITY OF CHULA VISTA, ROXANA KENNEDY and DOES 1 through**

16    **50, inclusive)**

17    65.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 64 of this

18    Complaint, and incorporate the same as if fully set forth herein.

19    66.  Defendants violently attacked Mr. Watts, ultimately resulting in his death, despite the

20    fact that he was unarmed. Furthermore, Defendants CITY OF CHULA VISTA, and its duly-

21    constituted law enforcement agency, CVPD, and DOES 1 through 50, inclusive, and each of them,

22    were on notice that Mr. Watts was then suffering from a mental illness, condition, disability, and/or

23    breakdown, and was then experiencing a severe psychotic break and/or other severe psychological

24    distress and was substantially disabled by reason thereof.  As such, when CVPD police officers and

25    employees responded to the aforesaid 7-11 store, they should have done so in a manner designed to

26    minimize the possibility of the use of any force.   Instead, Defendants confronted Mr. Watts with

27    the use of unnecessary and excessive force causing his death.

28    67.  Given that Diana C. Watts was Mr. Watts' wife, and Odin H. Watts was Mr. Watts'

18

**COMPLAINT FOR DAMAGES**

1  natural son, Plaintiffs are the proper persons to sue for his wrongful death under California state

2  law.

3      68.  As the surviving wife and son of Mr. Watts, Plaintiffs assert wrongful death actions

4  against Defendants pursuant to C.C.P. §§ 377.60 et seq. This claim is based upon the fact that

5  Defendants' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct

6  and legal cause of Mr. Watts' death and the resulting damages to Plaintiffs. As a result of their

7  conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants

8  in the wrongful conduct, or because they failed to intervene to prevent these violations.

9      69.  Plaintiffs are informed and believe and thereon allege that the acts of the individual

10  Defendants were willful, malicious, intentional, reckless and/or were done in willful and conscious

11  disregard of Mr. Watts' rights, justifying the awarding of punitive and exemplary damages in an

12  amount to be determined at the time of trial.

13      70.  As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered

14  damages, including, without limitation, loss of enjoyment of life; pain and suffering; emotional

15  distress; attorneys' fees; costs of suit; other pecuniary losses not yet ascertained; and the loss of Mr.

16  Watts' love, affection, society, and companionship.

17      71.  Plaintiffs bring this claim in their individual capacity for survival and wrongful death

18  damages and other remedies available to them under state law.

19      **SEVENTH CLAIM FOR RELIEF**

20      **Violation of California Civil Code §§ 51, 51.7, 52, 52.1, and 54.1**

21      **(By Plaintiffs in their individual capacities and in their capacity as successors-in-interest to**

22      **Jason Alan Watts)**

23      **(Against Defendants CITY OF CHULA VISTA, ROXANA KENNEDY and DOES 1 through**

24      **50, inclusive)**

25      72.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 71 of this

26  Complaint, and incorporate the same as if fully set forth herein.

27      73.  Plaintiffs are informed and believed and thereon allege that Defendants discriminated

28  against and used violence towards Mr. Watts because of his mental disability; interfered with Mr.

19

**COMPLAINT FOR DAMAGES**

1  Watts' rights under state and federal law and under the state and federal constitutions; and denied

2  him the benefits of public services, programs and activities as a result of his mental disability by,

3  among other things, their failure to provide proper and reasonable training to CVPD officers

4  regarding how to respond to mentally or emotionally ill persons and by their failure to respond

5  reasonably in dealing with a mentally ill person who was experiencing an episode of psychological

6  distress.

7      74.  As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered

8  damages, including, without limitation, loss of enjoyment of life; pain and suffering; emotional

9  distress; attorneys' fees; costs of suit; other pecuniary losses not yet ascertained; and the loss of Mr.

10  Watts' love, affection, society, and companionship.

11      75.  Plaintiffs are informed and believe and thereon allege that the aforementioned acts of

12  Defendants, and each of them were willful, malicious, intentional, oppressive and despicable and/or

13  were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby

14  justifying the awarding of punitive and exemplary damages in an amount to be determined at time

15  of trial.

16                          **EIGHTH CLAIM FOR RELIEF**

17                               **Battery**

18              **(By Plaintiffs as successors-in-interest to** Jason Alan Watts)

19  **(Against Defendants CITY OF CHULA VISTA, ROXANA KENNEDY and DOES 1 through**

20                            **50, inclusive)**

21      76.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 75 of this

22  Complaint, and incorporate the same as if fully set forth herein.

23      77.  Defendants, while working as police officers for CVPD, and acting within the course

24  and scope of their duties, intentionally and violently attacked Mr. Watts using pepper spray, tasers,

25  and other violent and harmful techniques and methodologies, ultimately resulting in his death,

26  despite the fact that he was unarmed and was then suffering from a mental illness, condition,

27  disability, and/or breakdown, and was then experiencing a severe psychotic break and/or other

28  severe psychological distress and was substantially disabled by reason thereof.  Said conduct

20

**COMPLAINT FOR DAMAGES**

1   constituted an unreasonable and unnecessary use of force against Mr. Watts under the

2   circumstances, to which he did not consent, and constituted battery against him.

3       78.  Defendants' battery caused Mr. Watts extreme pain and suffering, and loss of life and

4   earning capacity. Defendants' actions also deprived Plaintiffs of the life-long love, companionship,

5   support, society, care, and sustenance of a husband and father, and they will continue to be so

6   deprived for the remainder of their lives.

7       79.  As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered

8   damages, including, without limitation, loss of enjoyment of life; pain and suffering; emotional

9   distress; attorneys' fees; costs of suit; other pecuniary losses not yet ascertained; and the loss of Mr.

10  Watts' love, affection, society, and companionship.

11      80.  Plaintiffs are informed and believe and thereon allege that the acts of the individual

12  Defendants were willful, malicious, intentional, reckless and/or were done in willful and conscious

13  disregard of Mr. Watts' rights, justifying the awarding of punitive and exemplary damages in an

14  amount to be determined at the time of trial.

15      81.  As a result of their conduct, Defendants are liable for Mr. Watts' and Plaintiffs'

16  injuries, either because they were integral participants in the battery, or because they failed to

17  intervene to prevent these violations.

18      82.  Plaintiffs bring this claim as successors-in-interest to Mr. Watts, and seek both survival

19  and wrongful death damages under state law for the violation of Mr. Watts' rights.

20                          **NINTH CLAIM FOR RELIEF**

21                              **Negligence**

22  **(By Plaintiffs in their capacities as successors-in-interest to Jason Alan Watts and in their**

23                          **individual capacities)**

24  **(Against Defendants CITY OF CHULA VISTA, ROXANA KENNEDY and DOES 1 through**

25                              **50, inclusive)**

26      83.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 82 of this

27  Complaint, and incorporate the same as if fully set forth herein.

28      84.  Defendants owed a duty of care to Plaintiffs and Mr. Watts, and were required to use

                                    21

                          **COMPLAINT FOR DAMAGES**

reasonable diligence to ensure that Plaintiffs and Mr. Watts were not unreasonably harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

    A.   the failure to properly assess the need to use any force or deadly force against Mr. Watts;

    B.   the negligent tactics and handling of the situation with Mr. Watts;

    C.   the negligent use of force, including ultimately deadly force, against Mr. Watts;

    D.   the failure to properly train, supervise and discipline employees, including the individual Defendants;

    E.   the negligent hiring, retention and assignment of its employees, including the individual defendants; and,

    F.   the negligent failure to properly train CVPD officers in the use of generally accepted police practices on encountering mentally ill individuals in a manner designed to decrease the risk of using unnecessary force or taking a life.

85.   Chief KENNEDY is the chief executive officer of CVPD and the final departmental authority in all matters of policy, operations and discipline and therefore had a direct duty of care toward Plaintiffs and Mr. Watts. The Chief of Police exercises all lawful powers of the office and issues such orders as are necessary to assure the effective performance of the Department. Plaintiffs are informed and believe and thereon allege that Chief KENNEDY is also vested with overall responsibility for CVPD manuals, training bulletins, and personnel and special orders.

86.   Defendants' conduct caused Mr. Watts extreme pain and suffering, and loss of life and earning capacity. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their husband and father, and they will continue to be so deprived for the remainder of their lives.

87.   As a result of their conduct, Defendants are liable for Mr. Watts' and Plaintiffs' injuries, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

88.   Plaintiffs bring this claim as successors-in-interest to Mr. Watts, and seek both survival

22

**COMPLAINT FOR DAMAGES**

1   and wrongful death damages under state law for the violation of Mr. Watts' rights.

2   **TENTH CLAIM FOR RELIEF**

3   **Wrongful Death**

4   **(Cal. Civ. Proc. Code § 377.60)**

5   **(By Plaintiffs in their individual capacities as heirs of Jason Alan Watts)**

6   **(Against Defendants COUNTY OF SAN DIEGO, BOARD OF TRUSTEES OF**

7   **UNIVERSITY OF CALIFORNIA, SAN DIEGO, and DOES 51 through 100, inclusive)**

8   89.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 88 of this

9   Complaint, and incorporate the same as if fully set forth herein.

10   90.  In addition to the wrongful acts of Defendants City of Chula Vista, Chief Kennedy and

11   DOES 1 through 50, inclusive, as described hereinabove, Defendants COUNTY OF SAN DIEGO,

12   BOARD OF TRUSTEES OF UNIVERSITY OF CALIFORNIA, SAN DIEGO, and DOES 51

13   through 100, inclusive, were on notice that Mr. Watts was then suffering from a mental illness,

14   condition, disability, and/or breakdown, and was then experiencing a severe psychotic break and/or

15   other severe psychological distress and was substantially disabled by reason thereof, and/or that Mr.

16   Watts was then suffering from substantial physical injury likely to result in his imminent death,

17   failed to take reasonable and/or appropriate actions to prevent his death, and that said Defendants,

18   and each of them, therefore unreasonably caused and/or contributed to his wrongful death.

19   91.  Given that Diana C. Watts was Mr. Watts' wife, and Odin H. Watts was Mr. Watts'

20   natural son, Plaintiffs are the proper persons to sue for his wrongful death under California state

21   law.

22   92.  As the surviving wife and son of Mr. Watts, Plaintiffs assert wrongful death actions

23   against Defendants pursuant to C.C.P. §§ 377.60 et seq. This claim is based upon the fact that

24   Defendants' negligent, reckless and wrongful acts and omissions, as alleged herein, were a direct

25   and legal cause of Mr. Watts' death and the resulting damages to Plaintiffs. As a result of their

26   conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants

27   in the wrongful conduct, or because they failed to intervene to prevent these violations.

28   93.  Plaintiffs are informed and believe and thereon allege that the acts of the individual

**COMPLAINT FOR DAMAGES**

1   Defendants were willful, malicious, intentional, reckless and/or were done in willful and conscious

2   disregard of Mr. Watts' rights, justifying the awarding of punitive and exemplary damages in an

3   amount to be determined at the time of trial.

4        94.   As a direct and legal result of Defendants' acts and omissions, Plaintiffs suffered

5   damages, including, without limitation, loss of enjoyment of life; pain and suffering; emotional

6   distress; attorneys' fees; costs of suit; other pecuniary losses not yet ascertained; and the loss of Mr.

7   Watts' love, affection, society, and companionship.

8        95.   Plaintiffs bring this claim in their individual capacity for survival and wrongful death

9   damages and other remedies available to them under state law.

10                          **ELEVENTH CLAIM FOR RELIEF**

11                                  **Negligence**

12   **(By Plaintiffs in their capacities as successors-in-interest to Jason Alan Watts and in their**

13                              **individual capacities)**

14      **(Against Defendants COUNTY OF SAN DIEGO, BOARD OF TRUSTEES OF**

15      **UNIVERSITY OF CALIFORNIA, SAN DIEGO, and DOES 51 through 100, inclusive)**

16        96.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1- 82 of this

17   Complaint, and incorporate the same as if fully set forth herein.

18        97.   Defendants owed a duty of care to Plaintiffs and Mr. Watts, and were required to use

19   reasonable diligence to ensure that Plaintiffs and Mr. Watts were not unreasonably harmed by

20   Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless,

21   including but not limited to:

22        A.   the failure to properly assess the medical condition of Mr. Watts and to ascertain

23        that he was at risk of imminent death by reason thereof;

24        B.   the failure to properly and timely secure appropriate medical care and treatment

25        for Mr. Watts so as to reasonably prevent his impending death;

26        C.   the failure to properly perform appropriate medical care and treatment upon Mr.

27        Watts so as to reasonably prevent his impending death;

28        D.   the failure to properly train, supervise and discipline employees, including

                                       24

                          **COMPLAINT FOR DAMAGES**

Defendants DOES 51 through 100, inclusive; and,

E.   the negligent hiring, retention and assignment of its employees, including Defendants DOES 51 through 100, inclusive.

98.  In addition to the wrongful acts of Defendants City of Chula Vista, Chief Kennedy and DOES 1 through 50, inclusive, as described hereinabove, the conduct of Defendants COUNTY OF SAN DIEGO, BOARD OF TRUSTEES OF UNIVERSITY OF CALIFORNIA, SAN DIEGO, and DOES 51 through 100, inclusive, caused and/or contributed to Mr. Watts extreme pain and suffering, and loss of life and earning capacity. Defendants' actions also deprived Plaintiffs of the life-long love, companionship, support, society, care, and sustenance of their husband and father, and they will continue to be so deprived for the remainder of their lives.

99.  As a result of their conduct, Defendants are liable for Mr. Watts' and Plaintiffs' injuries, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

100.  Plaintiffs bring this claim as successors-in-interest to Mr. Watts, and seek both survival and wrongful death damages under state law for the violation of Mr. Watts' rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants, and each of them, as follows:

A.   For compensatory damages, including both survival damages and wrongful death damages under federal and state law, and interest, in an amount to be determined at trial;

B.   For general damages in an amount to be determined at trial;

C.   For exemplary and punitive damages against the individual Defendants in an amount to be proven at trial;

D.   For reasonable costs of this suit incurred herein;

E.   For attorneys' fees; and,

F.   For such further relief as the Court may deem just, proper, and appropriate.

///

///

25

**COMPLAINT FOR DAMAGES**

1    DATED: October 11, 2019

2

3                             CHRISTOPHER J. OLSEN

                              Attorney for Plaintiffs

4                             DIANA C. WATTS and

                            ODIN H. WATTS, a minor, by and through his

5                             Guardian Ad Litem, DIANA C. WATTS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

**COMPLAINT FOR DAMAGES**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| **STREET ADDRESS:** | 330 W Broadway |
| **MAILING ADDRESS:** | 330 W Broadway |
| **CITY AND ZIP CODE:** | San Diego, CA 92101-3827 |
| **BRANCH NAME:** | Central |
| **TELEPHONE NUMBER:** | (619) 450-7066 |

FEB 18 2021  AM11:18
RCVD SDSO CIVIL - SD

**PLAINTIFF(S) / PETITIONER(S):**   Diana C Watts et.al.

**DEFENDANT(S) / RESPONDENT(S):**   City of Chula Vista et.al.

WATTS VS CITY OF CHULA VISTA [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2019-00054127-CU-PO-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:   Kenneth J Medel                                            Department: C-66

**COMPLAINT/PETITION FILED:** 10/11/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/17/2020 | 08:30 am | C-66 | Kenneth J Medel |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

**COMPLAINTS:** Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

***ALTERNATIVE DISPUTE RESOLUTION (ADR):** THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for Information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court.** Original documents filed with the court will be imaged and destroyed except those documents specified in **California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



FEB 18 2021 AM 11:18
RCVD SDSO CIVIL - SD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00054127-CU-PO-CTL      CASE TITLE: Watts vs City of Chula Vista [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this **Alternative Dispute Resolution (ADR) Information** form (SDSC form #CIV-730),
      (2) the **Stipulation to Use Alternative Dispute Resolution (ADR)** form (SDSC form #CIV-359), _and_
      (3) the **Notice of Case Assignment** form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money |   resolve the dispute |
| • Gives parties more control over the dispute | • Procedures to learn about the other side's case (discovery), |
|   resolution process and outcome |   jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships |   or unavailable |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual mediator profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:     Central | |

| PLAINTIFF(S):   Diana C Watts et.al. |
|---|
| DEFENDANT(S): City of Chula Vista et.al. |
| SHORT TITLE:     WATTS VS CITY OF CHULA VISTA [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00054127-CU-PO-CTL |
|---|---|

Judge: Kenneth J Medel                                                      Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____               Date: _____

_____               _____
Name of Plaintiff                                 Name of Defendant

_____               _____
Signature                                         Signature

_____               _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____               _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  10/11/2019                                 _____
                                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

3

CIV-010

| | |
|---|---|
| ATTORNEY *(Name, State Bar number, and address):*<br>CHRISTOPHER J. OLSEN, SBN: 109124<br>3075 East Thousand Oaks Boulevard, Suite 100<br>Westlake Village, California 91362<br>TELEPHONE NO.: (805)557-0660   FAX NO. *(Optional)*  (805_491-8324<br>E-MAIL ADDRESS *(Optional)*: cjolaw@aol.com<br>ATTORNEY FOR *(Name):*  Plaintiffs DIANA C. WATTS, ODIN H. WATTS | FOR COURT USE ONLY<br><br>2019 OCT 11  PM 2: 04<br><br>CLERK-SUPERIOR COUR<br>SAN DIEGO COUNTY CA<br><br>FEB 18 2021 AM11:18<br>RCVD SDSO CIVIL - SD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: **330 WEST BROADWAY**
MAILING ADDRESS:
CITY AND ZIP CODE: **SAN DIEGO, CALIFORNIA 92101**
BRANCH NAME:

PLAINTIFF/PETITIONER:  DIANA C. WATTS, ODIN H. WATTS, minor

DEFENDANT/RESPONDENT:  CITY OF CHULA VISTA, ET AL.

| | |
|---|---|
| **APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL**<br>☑ **EX PARTE** | CASE NUMBER:<br>37-2019-00054127-CU-PO-CTL |

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* DIANA C. WATTS                        is
   a. ☑ the parent of *(name):*  ODIN H. WATTS
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   DIANA C. WATTS, 355 Record Street, Reno, NV 89512, (775)312-5162

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   ODIN H. WATTS, a minor, c/o DIANA C. WATTS,  355 Record Street, Reno, NV 89512; (775)312-5162

4. The person to be represented is:
   a. ☑ a minor *(date of birth):*  8/26/2013
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Wrongful death and related claims arising out of the death of said minor's father, due to the wrongful and negligent conduct of City of Chula Vista (Chula Vista Police Department), County of San Diego, University of California, San Diego, and other responsible persons and entities.

   ☐ Continued on Attachment 5a.

CIV-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: DIANA C. WATTS, ODIN H. WATTS, minor | CASE NUMBER |
| DEFENDANT/RESPONDENT: CITY OF CHULA VISTA, ET AL. | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☑ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☑ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:

PROSECUTION OF THE WRONGFUL DEATH AND RELATED CLAIMS OF SAID MINOR RESULTING FROM THE WRONGFUL DEATH OF SAID MINOR'S NATURAL FATHER, JASON ALAN WATTS ON OR ABOUT OCTOBER 13, 2018

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☑ related *(state relationship)*: THE NATURAL MOTHER OF SAID MINOR.

b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

☐ Continued on Attachment 7.

CHRISTOPHER J. OLSEN
_____
(TYPE OR PRINT NAME)                    ► _____
                                        (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: OCTOBER 11, 2019

DIANA C. WATTS
_____
(TYPE OR PRINT NAME)                    ► _____
                                        (SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.

Date: OCTOBER 11, 2019

DIANA C. WATTS
_____
(TYPE OR PRINT NAME)                    ► _____
                                        (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER**   ☐ **EX PARTE**

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*: DIANA C. WATTS

is hereby appointed as the guardian ad litem for *(name)*: ODIN H. WATTS, a minor

for the reasons set forth in item 5 of the application.

Date: 10.29.19
_____
                                        JUDICIAL OFFICER
                                        ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]          **APPLICATION AND ORDER FOR APPOINTMENT**          Page 2 of 2
                                        **OF GUARDIAN AD LITEM—CIVIL**