1  Dean Gazzo Roistacher LLP
2  Mitchell D. Dean, Esq. (SBN 128926)
   Lee H. Roistacher, Esq. (SBN 179619)
   Rachel M. Zuckowich, Esq. (SBN 333615)
3  440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
4  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
5  E-mail:  mdean@deangazzo.com
           lroistacher@deangazzo.com
6          rzuckowich@deangazzo.com

7  Attorneys for Defendants
   City of Chula Vista, Roxana Kennedy,
8  Christopher Bearss, Mario Pereira, Jose Aguayo,
   Ginger Van Houghton, Mark Meredith, Juan
9  Manibusan, Byran Jackson, Thomas Luhta, and
   Brittany Schofer

10

11              **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13  DIANA C. WATTS and ODIN H.          Case No.: 3:21-cv-00581-JO-WVG
    WATTS, a minor, by and through his
14  Guardian Ad Litem, DIANA C.         **REPLY TO PLAINTIFFS'**
    WATTS,                              **OPPOSITION [DOC 55] TO**
15                                      **MOTION TO DISMISS**
                Plaintiffs,             **PLAINTIFFS' SECOND AMENDED**
16                                      **COMPLAINT BY DEFENDANTS**
          v.                            **CITY OF CHULA VISTA,**
17                                      **BRITTANY SCHOFER, THOMAS**
    CITY OF CHULA VISTA,                **LUHTA, MARK MEREDITH, JUAN**
18  ROXANA KENNEDY, COUNTY              **MANIBUSAN, BRYAN JACKSON,**
    OF SAN DIEGO, BOARD OF              **GINGER VAN HOUGHTON,**
19  TRUSTEES OF UNIVERSITY OF           **CHRISTOPHER BEARSS, MARIO**
    CALIFORNIA, SAN DIEGO,              **PEREIRA, AND JOSE AGUAYO**
20  BRITTANY SCHOFER, individually,     **[DOC 54]**
    THOMAS LUHTA, individually,
21  MARK MEREDITH, individually,                     * * *
    JUAN MANIBUSAN, individually,       **NO ORAL ARGUMENT UNLESS**
22  BRYAN JACKSON, individually,        **OTHERWISE REQUESTED BY**
    GINGER VAN HOUGHTON,                **THE COURT**
23  individually, CHRISTOPHER                         * * *
    BEARSS, individually, MARIO         Date:       July 13, 2022
24  PEREIRA, individually, JOSE         Time:       9:00 a.m.
    AGUAYO, individually, S.            Courtroom:  4C
25  O'CONNELL individually, DOES 11     Judge:      Hon. Jinsook Ohta
    to 200,
26
                Defendants.
27

28  ///

                              1

1

## I.

2

## **INTRODUCTION**

3      The City of Chula Vista and City law enforcement officers (sued as Brittany

4  Schofer, Thomas Luhta, Mark Meredith, Juan Manibusan, Bryan Jackson, Ginger

5  Van Houghton, Christopher Bearss, Mario Pereira, and Jose Aguayo) moved to

6  dismiss the first, second, third, fourth, and fifth claims for relief asserted in the

7  Second Amended Complaint of plaintiffs Diana and Odin Watts.  ECF Doc. No.

8  55. Defendant S. O'Connell is intentionally not a party to the Motion as she is not

9  a City employee.

10      Regarding the City, plaintiffs' complaint alleges no claim against the City.

11  The Court should accordingly dismiss the City entirely.

12      Regarding the individual defendants, plaintiffs' first three causes of action

13  improperly attempt to assert liability against them under *Monell.*

14      Additionally, Diana Watts failed to address defendants' qualified immunity

15  argument, thus waiving her claim for violation of the right to familial association

16  under the Fourteenth Amendment. Moreover, plaintiffs wrongfully allege that they

17  can recover damages for emotional distress and punitive damages on the wrongful

18  death claim brought under California Code of Civil Procedure section 377.60.

19  Finally, plaintiffs have not shown that the officers acted unreasonably nor that their

20  unreasonable behavior harmed Watts.

21      Finally, even assuming plaintiffs' first three causes of action are *Monell*

22  causes of action asserted against the City, the claims are devoid of facts to state a

23  plausible claim.

24  ///

25  ///

26  ///

27  ///

28  ///

## II.

## ARGUMENT

**A.**   **Plaintiffs' First, Second, and Third Causes of Action Improperly Allege *Monell* Claims Against the Defendant Officers Under 42 U.S.C. 1983**

Based on plaintiffs' opposition to the defendant officers' motion to dismiss plaintiffs' second amended complaint, plaintiffs are clearly attempting to assert *Monell* claims in the first three causes of action.

"*Monell* does not concern liability of individuals acting under color of state law." *Guillory v. Orange Cty.*, 731 F.2d 1379, 1382 (9th Cir. 1984). Thus, "a *Monell* claim may be brought only against a municipality, not an individual," like the individual defendants. *Reason v. City of Richmond*, 2021 U.S. Dist. LEXIS 6015, at *13 (E.D. Cal. Jan. 12, 2021). The *Monell* causes of action are only against the individually named and sued officer defendants. That is not legally proper.

**B.**   **Plaintiff Diana Watts Waives Her Third Claim for Relief Against Brittany Schofer, Thomas Luhta, Mark Meredith, Juan Manibusan, Bryan Jackson, Ginger Van Houghton, Christopher Bearss, Mario Pereira, and Jose Aguayo for Violation of The Right to Familial Association**

Defendant officers argued in their motion to dismiss an entitlement to qualified immunity from Diana Watts' third claim for relief for violation of the right to familial association under the Fourteenth Amendment because she has no such Fourteenth Amendment right as a spouse and, even if she did, the right was not clearly established. ECF Doc. No. 54-1, pp. 6:6-13:11. No argument in opposition is made to the officers' extensive qualified immunity argument. ECF Doc. No. 55, pp. 3:10-6:6. It is plaintiff's burden to overcome defendants' assertion of qualified immunity. Diana Watts accordingly waives her Fourteenth Amendment claim for loss of familial association and this Court should dismiss it

for that reason. *Salois v. Medifast, Inc.*, 2018 U.S. Dist. LEXIS 32965, at *14 (S.D. Cal. Feb. 28, 2018) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."); see also, *Martins v. Nw. Dev. Co.*, 2020 U.S. Dist. LEXIS 55038, at *6-7 (S.D. Cal. Mar. 24, 2020) ("[I]t is worth noting that Plaintiff did not substantively address any of the arguments made in the motions to dismiss in his replies to each motion to dismiss. This alone is grounds for dismissal.")  Ignoring the lack of argument, qualified immunity bars this claim against the defendant officers.

**C.**   **Plaintiffs' Fourth Cause of Action for Wrongful Death Against Brittany Schofer, Thomas Luhta, Mark Meredith, Juan Manibusan, Bryan Jackson, Ginger Van Houghton, Christopher Bearss, Mario Pereira, and Jose Aguayo Is Improperly Pled**

Plaintiffs have improperly alleged that they can recover damages for emotional distress and punitive damages pursuant to a wrongful death cause of action.  ECF. Doc. No. 33, p. 21:14-21.  Plaintiffs "disagree" with defendants' position but did not offer an argument in opposition.  ECF. Doc. No. 55, p. 6:16-19.

California Code of Civil Procedure section 377.60 creates a cause of action for designated survivors of a decedent and permits them to recover for their own independent injury and loss resulting from the death. Section 377.60 provides that when the death of a person is caused by the wrongful act or neglect of another, certain surviving family members or the decedent's personal representative may bring a cause of action. Code of Civil Procedure section 377.61 entitles a wrongful death plaintiff to damages that, under all circumstances of the case, may be just but excludes damages recoverable under section 377.34 (survivor damages). Punitive and emotional distress damages are ***not*** available under section 377.60. "California cases have uniformly held that damages for mental and emotional

distress, including grief and sorrow, are not recoverable in a wrongful death action." *Krouse v. Graham* (1977) 19 Cal.3d 59, 72 (1977) (internal citations omitted). "The California statutes and decisions ... have been interpreted to bar the recovery of punitive damages in a wrongful death action." *Tarasoff v. Regents of Univ. of Cal.* 17 Cal.3d 425, 450 (1976)., (internal citation omitted). Plaintiffs have improperly alleged that they can recover damages for emotional distress and punitive damages pursuant to a wrongful death cause of action.

**D.** **Plaintiffs' Fifth Cause of Action Against Brittany Schofer, Thomas Luhta, Mark Meredith, Juan Manibusan, Bryan Jackson, Ginger Van Houghton, Christopher Bearss, Mario Pereira, and Jose Aguayo for Negligence Fails as a Matter of Law**

To succeed on the negligence claim, plaintiff "must show that [the deputies] acted unreasonably and that the unreasonable behavior harmed" her. *Price v. Cnty. of San Diego*, 990 F.Supp. 1230, 1245 (S.D. Cal. 1998). Plaintiff has not shown how the defendant officers acted unreasonably other than simply calling their actions negligent. Moreover, the defendant officers are entitled to immunity under Government Code section 820.2, which provides that a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, *whether or not* such discretion be abused.

Two decisions from the Southern District of California state that Section 820.2 grants immunity to law enforcement officers for decisions made in the course of an arrest unless they use unreasonable force. *Price v. County of San Diego*, 990 F. Supp. 1230, 1244 (S.D. Cal. 1998); *Reynolds v. County of San Diego*, 858 F. Supp. 1064, 1074 (S.D. Cal. 1994). *Obas v. County of Monterey*, 2011 U.S. Dist. LEXIS 17444, *38. In *Price*, the Court found that the deputies used reasonable force by applying the hog-tie restraint, applying pressure to Price's torso, leaving him on the asphalt, and placing a foot against his head. *Price v.*

*County of San Diego*, 990 F. Supp. 1230, 1244. "To prevail on their negligence claim, Plaintiffs must show that the deputies acted unreasonably and that the unreasonable behavior harmed Price. *See Jacoves*, 9 Cal. App. 4th at 113. Except for the CPR issue, the Court already has found that the deputies acted reasonably. Thus, the negligence claim fails." *Price v. County of San Diego*, 1998 U.S. Dist. LEXIS 9397, *40-41.

Here, the defendant officers acted within their discretion in their tactics used to detain Watts for being under the influence of controlled substances.   Plaintiffs have not shown how the defendant officers acted unreasonably nor how their behavior harmed Watts. Thus, the negligence claim must fail.

Furthermore, plaintiffs allege the individual officers breached the aforesaid duties of care: "the failure to properly train, supervise and discipline employees, including the individual Defendants; negligent hiring, retention and assignment of its employees, including the individual defendants; and, the negligent failure to properly train CVPD officers in the use of generally accepted police practices on encountering mentally ill individuals in a manner designed to decrease the risk of using unnecessary force or taking a life." ECF Doc. No. 55, p. 7:9-15. The officers do not have a duty to hire, supervise, and train themselves, thus these "duties of care" are inapplicable.

Plaintiffs also argue California Government Code section 820.8's immunity is inapplicable.  ECF Doc. NO. 55, p. 7:20-24.  Because section 820.8 was not raised as a ground for dismissal, it is not addressed.

**E.**    **Plaintiffs' First, Second, and Third Causes of Action For *Monell* Claims Against the City of Chula Vista Are Insufficiently Plead**

Assuming that the first three causes of action are to be alleged against the City, the causes of action still fail because plaintiffs' allegations are simply impermissible threadbare conclusions and mere recitations of *Monell* liability elements, without any factual support.

1    Plaintiffs continue to allege that the Police Department's longstanding

2  practice or custom were a cause of the injuries suffered by Mr. Watts, yet claim

3  they are unaware of any of the policies and customs. The policies are available to

4  the public and are easily found by a Google search. Plaintiffs have been provided

5  with all of the records and reports from the incident yet still claim they have "scant

6  information" regarding the incident. Plaintiffs are unaware of "similar incidents

7  juxtaposed against failures of policy, procedures, and training," but argue the

8  existence of such incidents.  "[M]erely present[ing] a recitation of the elements of

9  *Monell* causes of action" without "any supporting facts" is patently insufficient.

10  *Koistra v. County of San Diego*, 2017 U.S. Dist. LEXIS 173494, *21-22; *see also*

11  *Fuentes v. City of San Diego,* 2017 U.S. Dist. LEXIS 96048, *14; *Valenzuela v.*

12  *City of Calexico*, 2015 U.S. Dist. LEXIS 61573, *11; *Shoval v. San Diego County*,

13  2009 U.S. Dist. LEXIS 77723, *6.

### III.

### CONCLUSION

16    For the reasons set forth above, and for the reasons set forth in the Motion

17  to Dismiss, Defendants respectfully request the Motion to Dismiss be granted

18  without leave to amend.

Respectfully submitted,

20  Dated: June 14, 2022                Dean Gazzo Roistacher LLP


By:  */s/ Rachel M. Zuckowich*

Mitchell D. Dean
Lee H. Roistacher
Rachel M. Zuckowich
Attorneys for Defendants
City of Chula Vista, Roxana
Kennedy, Christopher Bearss, Mario
Pereira, Jose Aguayo, Ginger
Van Houghton, Mark Meredith, Juan
Manibusan, Byran Jackson, Thomas
Luhta, and Brittany Schofer