UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA C. WATTS; and ODIN H. WATTS, a minor, by and through his Guardian Ad Litem, DIANA C. WATTS, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO POLICE DEPARTMENT, et al., <br><br> Defendants. | Case No.: 21-CV-581-JO-WVG <br><br> **ORDER ON JOINT MOTION FOR PROTECTIVE ORDER** |

Pending before the Court is the Parties' Joint Motion for Protective Order ("Joint Motion"). (Doc. No. 59.) Having reviewed and considered the Parties' submission, the Court finds good cause underlies the Parties' request and that the Parties have complied with all applicable rules, including this Court's Civil Chambers Rule V: Stipulated Protective Order Provisions for Filing Documents under Seal. Accordingly, the Court GRANTS the Parties' Joint Motion in its entirety. Upon issuance of this Order, the Court makes enforceable the following language, as agreed upon by the Parties and reflected in their proposed order as lodged with this Court's Chambers:

/ / /

/ / /

Based on the Joint Motion for Stipulated Protective Order, and for good cause shown, the Court grants the Protective Order in this case as follows:

The parties, by and through their attorneys of record, hereby bring this joint motion for a stipulated protective order because disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order:

1. A party may designate documents or other information as "Confidential" by stamping on the relevant page, or cover page if the entire document is confidential, or CD/DVD case if the information is produced in electronic form, any document or response to a production request that the producing party considers in good faith to contain information involving confidential, proprietary or private information and qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. Any documents which fall within the ambit of this Order shall be known as confidential materials and shall be designated by stamping copies of the documents produced to a party with the legend "Confidential." Stamping the legend "Confidential" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of this action. The Confidential Material may not be used outside of this litigation, absent a further order of the Court.

4. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to the parties to this action, to counsel for the parties, and to experts retained by counsel to assist in the production, defense or settlement of this action. Confidential Material produced pursuant to this Order may not be disclosed to any

other individuals unless otherwise agreed or ordered.

5. In the event the Confidential Material produced pursuant to this order is the subject of any deposition, counsel shall state at the deposition what portion of the deposition shall be considered confidential and instruct the court reporter to mark that portion of the transcript as confidential and subject to this protective order.

6. If Confidential Material is included in any papers to be filed in Court, such papers shall be labeled "Confidential - Subject To Court Order."  If counsel desires to file Confidential Material under seal, counsel must follow the procedures set forth in paragraph 12 below.

7. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

8. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. If a dispute arises as to whether a document, item, or information can be deemed "confidential" and subject to this protective order, the parties will comply with section IV ("Discovery Disputes"), subdivisions (A) – (H) of the Court's chamber rules. Each party reserves the right to make an objection to any confidentiality designation, and the applicability of this protective order, to any document, item, or information produced in this case. Stipulation to this Order shall not be deemed to prejudice the parties in any way in any future application for future modification of this Order.

9. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall

be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

10. This Order shall survive the final termination of this action to the extent that the information contained in Confidential Material does not become known to the public, and the Court shall retain jurisdiction for a period of (1) year after the conclusion of this action to enforce the terms of the Protective Order. Upon termination of this case, Plaintiff's counsel shall assemble and return to counsel for Defendants, all documents and materials designated as confidential and all copies of same, or shall certify the destruction thereof.

11. Any Confidential Material produced in this case shall be produced to the Plaintiff's attorney by making one copy only of each document designated as Confidential Material. This Confidential Material may not be duplicated except for the purpose of disseminating it to the parties, to experts retained by counsel identified in paragraph "4" above. Said parties and experts must abide by the items of this Order. Every such copy must be returned to either the counsel for the Defendants or Plaintiff's attorney upon the final termination of this action.

12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13. The Court may modify the protective order in the interest of justice or for public policy reasons on its own initiative.

14. Without separate court order, the protective order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

15. Upon final termination of this Action, all documents marked "Confidential" including those disseminated to experts in this case, shall be returned or destroyed within thirty (30) business days by counsel and all Parties shall notify Defendants' counsel, Mitchell D. Dean, in writing of the approved action taken.

16. Absent an ex parte motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

**IT IS SO ORDERED.**

Dated: November 4, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge