UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA C. WATTS and O.H.W., a minor, by and through his Guardian Ad Litem, DIANA C. WATTS,<br><br>                                 Plaintiffs,<br><br>v.<br><br>CITY OF CHULA VISTA, et al.,<br><br>                                 Defendants. | Case No.: 21-cv-581-JO-DDL<br><br>**ORDER:**<br><br>   **(1) GRANTING IN PART JOINT MOTION TO SEAL;**<br>      **and**<br><br>   **(2) DIRECTING PLAINTIFFS TO RE-FILE JOINT PETITION FOR APPROVAL OF MINOR'S COMPROMISE WITH REDACTIONS**<br><br>**[Dkt. No. 101]** |

**I.**

**INTRODUCTION**

      Before the Court is the parties' Joint Motion for Leave to File Documents Under Seal ("Motion to Seal"). Dkt. No. 101. The parties move to seal the following documents:

- Settlement and Release Agreement ("Agreement")
- Acknowledgement of Receipt of Order and Funds for Deposit in Blocked Account ("Acknowledgement")

- Joint Petition for Approval of Compromise of Disputed Claim of Minor ("Petition")

Each of the foregoing documents has been lodged under seal. The Court is unable to issue a substantive ruling on the Petition while it is lodged under seal. Accordingly, the Court rules solely on the Motion to Seal. The Motion to Seal is **GRANTED IN PART** with further directions to Plaintiffs to file a redacted Petition on the public docket.

## II.

## LEGAL STANDARD

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, *Inc*., 435 U.S. 589, 597 (1978). When evaluating a request to seal judicial records, courts in this Circuit start with "a 'strong presumption in favor of access'" to those records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Huff v. Thousandshores, Inc.*, No. 21-cv-02173-HSG, 2021 WL 6621065, at *1 (N.D. Cal. Dec. 1, 2021). The "compelling reasons" standard, which applies when the underlying motion is closely related to the merits of the case, contrasts with the less demanding "good cause" standard, which applies when the underlying motion is only "tangentially related" to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097. Courts apply the "compelling reasons" standard when ruling on a motion to seal in connection with a petition to approve a minor's compromise because approving the compromise disposes of claims and will likely terminate the suit as to the settling parties. *See Huff*, 2021 WL 6621065, at *1.

Federal Rule of Civil Procedure 5.2(d) authorizes a court to order a person who files an unredacted document under seal to file a redacted copy of the document for the public

/ / /

record. Rule 5.2(a) requires redaction of publicly filed documents containing an individual's full date of birth or the full name of an individual known to be a minor.

### III.

### DISCUSSION

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Martinez v. Venegas*, No. 23-cv-0130-CAB-BGS, 2023 WL 5811837, at *2 (S.D. Cal. Sept. 7, 2023) (quoting *Robidoux v. Rosegren*, 638 F.3d 1177, 1181 (9th Cir. 2011)). In light of this duty, the Court finds that "compelling reasons" exist to seal the Agreement and the Acknowledgement in their entirety. The Agreement sets out the full scope of settlement terms governing the minor's compromise. The Acknowledgement contains certain identifying information in connection with the blocked bank account into which the minor's settlement funds will be deposited. Disclosure of this information would be contrary to the Court's duty to protect the minor's interests. Additionally, both the Agreement and the Acknowledgment contain references to information which Rule 5.2(a) prohibits the disclosure of in public filings. For these reasons, it is appropriate to seal the Agreement and the Acknowledgement.

Compelling reasons do not exist to seal the Petition in its entirety. While the Petition also refers to information protected under Rule 5.2(a), such references are limited in number and may appropriately be redacted to permit public access to the record.

### IV.

### CONCLUSION

For the foregoing reasons, the Motion to Seal is **GRANTED IN PART**. The Court hereby **ORDERS** as follows:

1.    The Clerk of Court is respectfully requested to seal Dkt. Nos. 102 and 102-1 in their entirety.

/ / /

/ / /

3

2. Plaintiffs shall re-file the Joint Petition for Approval of Compromise of Disputed Claim of Minor with appropriate redactions to the following information:

   a. All references to the minor Plaintiff's age and date of birth (month, date, and year), as follows:
      - Page 3, line 7 (2 references)

   b. All references to the amount of settlement funds payable to Plaintiffs or to Plaintiffs' counsel, as follows:
      - Page 3, line 19 (1 reference)
      - Page 3, line 20 (1 reference)
      - Page 3, line 22 (1 reference)
      - Page 3, line 25 (1 reference)
      - Page 4, line 5 (2 references)
      - Page 4, line 6 (1 reference)
      - Page 4, line 9 (1 reference)
      - Page 4, line 16 (1 reference)
      - Page 4, line 17 (1 reference)
      - Page 4, line 18 (1 reference)
      - Page 5, line 9 (1 reference)

   c. All references to the financial institution where the funds will be deposited, as follows:
      - Page 5, lines 11-12

**IT IS SO ORDERED.**

Dated: December 8, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge

4