UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA C. WATTS and O.H.W., a minor, by and through his Guardian Ad Litem, DIANA C. WATTS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF CHULA VISTA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  21-cv-581-JO-DDL<br><br>**ORDER GRANTING**<br>**JOINT PETITION FOR APPROVAL**<br>**OF MINOR'S COMPROMISE**<br><br>**[Dkt. No. 106]** |

Before the Court is the parties' Joint Petition for Approval of Minor's Compromise ("Joint Petition"). Dkt. No. 106. Pursuant to 28 U.S.C. § 636(c) and Civil Local Rules 17.1 and 72.1, the parties have consented to the undersigned's jurisdiction for the limited purpose of ruling on the Joint Petition. Dkt. No. 103. Having reviewed the Joint Petition, the settlement agreement, and the pleadings on file, and for the reasons stated below, the Court **GRANTS** the parties' Joint Petition.

## I.

## **PLAINTIFFS' ALLEGATIONS**

This action was filed by the surviving spouse and minor child of decedent Jason Alan Watts ("Watts"). Plaintiffs' Fourth Amended Complaint alleges that between October 12 and 13, 2018, Watts encountered Defendant officers from the Chula Vista

Police Department ("CVPD") on two separate occasions while allegedly suffering a psychotic episode due to a combination of mental illness and ingestion of controlled substance(s). Dkt. No. 80 at ¶ 22-23. On the morning of October 12, 2018, the officers who initially encountered Watts declined to take him into custody or hold him for mental health evaluation pursuant to California Welfare and Institutions Code § 5150. *Id*. at ¶ 22. Later that night, as Watts's psychotic episode continued, he encountered different CVPD officers at a 7-Eleven convenience store. *Id*. at ¶ 23. Upon observing Watts's condition, officers began issuing commands to Watts. *Id*. When Watts failed to comply with the officers' commands, officers allegedly drew their weapons and repeatedly tased, shot, beat, and pepper sprayed him until he could be subdued and arrested. *Id*. In the early hours of October 13, 2018, officers took Watts into custody. *Id*. at ¶ 24. After visiting a hospital and being deemed suitable for incarceration, officers took Watts to a County of San Diego detention facility. *Id*. at ¶ 27. Watts's condition deteriorated during the booking process, and he was again transported to a hospital where he suffered further medical complications and died. *Id*.

## II.

## **PROCEDURAL HISTORY**

On October 11, 2019, Plaintiff Diana C. Watts ("Plaintiff Watts") and Plaintiff O.H.W. (collectively, "Plaintiffs") filed suit against Defendants in San Diego Superior Court alleging violations of 42 U.S.C. § 1983, including unreasonable use of deadly force, deprivation of life without due process, and interference with parent-child relationship, among other tort claims. Dkt. No. 1-3 at 5. On April 2, 2021, former defendant County of San Diego removed the action to this Court. Dkt. No. 1. Plaintiff subsequently amended the Complaint four times to narrow the defendants and the claims asserted against them, and the operative Fourth Amended Complaint was filed on May 16, 2023. Dkt. Nos. 10, 33, 78, 80. On June 14, 2023, Defendants collectively filed an Answer to the Fourth Amended Complaint wherein Defendants admitted to and denied certain factual allegations and set forth their affirmative defenses. Dkt. No. 82. Among the affirmative defenses

asserted were qualified immunity, provocation, and assumption of the risk. *See generally id*.

The Court scheduled an Early Neutral Evaluation on October 10, 2023, but due to Plaintiff Watts's health-related absence, the Court did not proceed with settlement discussions. *See* Dkt. No. 87. Instead, the Court ordered the parties to "file a Joint Status Report on the docket indicating the status of their settlement discussions and whether this case has reached a resolution." *Id*. at 2. On October 30, 2023, the parties filed a Joint Status Report indicating that they reached a settlement agreement and anticipated filing a motion to approve a minor's compromise by November 13, 2023. Dkt. No. 90. On December 8, 2023, pursuant to this Court's Order, the parties filed the instant Joint Petition.[1] Dkt. Nos. 104, 106.

## III.
## **LEGAL STANDARDS**

District Courts have a duty to safeguard the interests of minors in litigation. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). When parties settle an action involving a minor litigant, the Court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citation omitted); *see also* CivLR 17.1(a) (providing that "[n]o action by or on behalf of a minor or incompetent . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."). The Court must conduct this inquiry "even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*." *Salmeron,* 724 F.2d at 1363. In performing this inquiry, the Court "should evaluate the fairness of each minor plaintiff's

---

[1]     As originally filed, the Joint Petition contained attachments and references to sensitive and confidential information. The Court's Order at Dkt. No. 104 directed that certain attachments be filed under seal and required Plaintiffs to redact references to certain information in the Joint Petition. Plaintiffs re-filed a redacted copy of the Joint Petition on December 8, 2023. Dkt. No. 106.

net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard" and determine "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82.

# IV.

# DISCUSSION

## A. The Settlement Is Reasonable and in O.H.W.'s Best Interests

The parties have agreed to settle minor Plaintiff O.H.W.'s claims for a total settlement of $17,500.00. Dkt. No. 106 at 3. The total settlement includes $5,833.33 in attorney fees, resulting in a $11,666.67 net settlement payment to O.H.W. As O.H.W.'s mother and guardian *ad litem*, Plaintiff Watts has agreed to the settlement and its terms on O.H.W.'s behalf, believing it to be in O.H.W.'s best interests. *See* Dkt. No. 105. The parties propose the settlement funds for O.H.W. be deposited into an interest-bearing, federally insured blocked account in the name of "Diana C. Watts as guardian *ad litem* for [O.H.W.], a minor," and from which no principal or interest can be withdrawn until O.H.W. reaches 18 years of age, absent an order from a court of competent jurisdiction. Dkt. No. 106 at 5; Dkt. No. 105-1.

The Court finds that the settlement is fair, adequate to compensate O.H.W. for his loss, and in O.H.W.'s best interests. The parties acknowledge the following in the Joint Petition:

> The minor Plaintiff [OHW] was not involved in, or a witness to, or in the geographic vicinity of the subject incident in any way, sustained no physical injuries by reason thereof, has received no medical, mental health, or related treatment or services as a result of the subject incident, and has incurred no medical or related expenses, or any other economic losses or expenses, as a result of the subject incident. The minor Plaintiff [OHW] is not anticipated to require any medical or mental health treatment in the future.

Dkt. No. 106 at 2-3. Although the case has been pending since 2019, the settlement was reached at an early stage of the case. The settlement obviates the cost and time needed to complete discovery, retain experts, and defend the case against a motion for summary judgment. Had the case proceeded to trial, there is no way of knowing whether the outcome would have been favorable to O.H.W. Moreover, the settlement amount is consistent with other petitions of minor's compromise in cases asserting similar claims and damages and settling at values comparable to the proposed settlement here. *See, e.g.*, *Benavidez, et al. v. County of San Diego, et al.*, Case No. 18-CV-558-CAB-AGS (S.D. Cal. Mar. 2, 2022) (approving $10,000.00 settlement payment per minor litigant); *R.J. v. Cnty. of San Diego*, No. 22-CV-1905-WQH-MMP, 2023 WL 7492151, at *2 (S.D. Cal. Sept. 5, 2023) (approving $10,000.00 settlement payment for three minor litigants and $20,000.00 payment for minor litigant who had "distinct memory" of trauma suffered). Finally, the settlement protects O.H.W.'s interests in that he will receive his own share of the settlement proceeds—separate and apart from Plaintiff Watts—and his share of the proceeds will be deposited into an interest-bearing, federally insured blocked account that can only be accessed before O.H.W. reaches 18 years of age with a court order.

**B.     Attorney Fees**

In evaluating the proposed settlement, the Court "is empowered to approve and allow payment of reasonable expenses, costs, and attorney fees." *Curtis v. Fagan*, 82 Cal. App. 4th 270, 277 (2000) (citing Cal. Prob. Code. § 3601). Here, Plaintiffs' counsel seeks to recover attorney fees in the amount of $5,833.33 of for his representation of O.H.W. since April 6, 2019, in state and federal courts. Dkt. No. 106 at 4. Plaintiffs' counsel also represents that he will receive a separate contingent fee from the settlement of Plaintiff Watts's claims. Given the duration of Plaintiffs' counsel's representation of O.H.W. in two separate judicial forums, and in light of the fact that counsel is not solely collecting fees out of O.H.W.'s settlement, the Court finds that a fee amount representing 33% of the gross settlement amount is reasonable and appropriate. Moreover, counsel represents that no costs will be deducted from O.H.W.'s settlement. *Id.* at 4.

## V.

## CONCLUSION

For the reasons stated above, the Court finds the proposed settlement is reasonable and in O.H.W.'s best interests. Accordingly, the Court **GRANTS** the Joint Petition to Approve Minor's Compromise [Doc. No. 106] and **ORDERS** that:

1. Plaintiffs shall open an interest-bearing, federally insured blocked account in the name of "Diana C. Watts as guardian *ad litem* for [O.H.W.], a minor," using O.H.W.'s full legal name (the "Blocked Account");

2. Not later than 30 days after the date of this Order, Defendants shall pay the amount of $11,666.67 by check payable to "Diana C. Watts as guardian *ad litem* for [O.H.W.], a minor," using O.H.W.'s full legal name (the "Settlement Funds"). Defendants must deliver the check for the Settlement Funds to Plaintiffs' counsel, Christopher J. Olsen, in person or by certified mail. Defendants must separately pay Plaintiffs' counsel the agreed-upon attorney fees in the amount of $5,833.33.

3. Within seven days of receipt of the Settlement Funds, Plaintiffs must deposit the Settlement Funds into the Blocked Account;

4. Within seven days of the deposit of the Settlement Funds into the Blocked Account, Plaintiffs' counsel must (i) deliver a copy of this Order to the depository in which funds are deposited under this Order, and (ii) file with this Court an acknowledgement from the depository of receipt of this Order and the Settlement Funds;

5. The parties must jointly move to dismiss this action within 14 days of Defendants' payment of the Settlement Funds;

6. The funds in the Blocked Account belong to O.H.W., a minor as of the date of this Order. No withdrawal of principal or interest may be made from the Blocked Account without a written order of this Court or another Court of competent jurisdiction, until O.H.W. reaches 18 years of age; and

7. Once O.H.W. reaches 18 years of age, without further order from this Court or any other court of competent jurisdiction, the depository shall pay by check or draft to O.H.W. all funds, including interest, in the Blocked Account. The funds on deposit are not subject to escheat.

**IT IS SO ORDERED.**

Dated: December 15, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge